United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

--------

No. 04-10072
Summary Calendar

--------

OBI E. IGBOKWE,

                                                    Plaintiff-Appellant,

versus

ADAM'S MARK HOTEL; SEVEN SEVENTEEN HB
DALLAS CORPORATION, doing business as Adam's Mark Hotel,

                                                    Defendants-Appellees.

-------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:02-CV-1984-P)
-------------------

Before JONES, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Plaintiff-Appellant Obi E. Igbokwe appeals the district court's grant of summary judgment

for Defendant-Appellee Adam's Mark Hotel, and consequent dismissal of his Title VII claims for

discrimination based on national origin and retaliation for protected conduct.   For essentially the

same reasons stated by the district court, we AFFIRM.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, this Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Igbokwe, who is of Nigerian descent, was hired as an audio video technician by the Defendant, Adam's Mark Hotel, on January 10, 2001. On December 6, 2001, Igbokwe filed a charge of discrimination with the EEOC. Igbokwe sued Adam's Mark Hotel on September 13, 2002, and filed an amended complaint three days later. On October 8, 2002, Igbokwe was suspended from work for three days, and on November 23, 2002, he was fired. On January 17, 2003, Igbokwe filed a Second Amended Complaint and Jury Demand, asserting three claims against Adam's Mark Hotel: (1) discrimination on the basis of national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e; (2) retaliation under Title VII; and (3) deprivation of rights on the basis of national origin under 42 U.S.C. § 1981. On October 22, 2003, Adam's Mark Hotel filed a motion for summary judgment, which the district court granted in whole on December 17, 2003. Igbokwe timely appeals to this Court.

A summary judgment is reviewed *de novo* and is proper only if there is no material fact issue. FED. R. CIV. P. 56(c); *Ackel v. Nat'l Communs., Inc.*, 339 F.3d 376, 381 (5th Cir. 2003). Igbokwe contends that, as a Nigerian, he was discriminated against based on his national origin when he was bypassed for a promotion to a higher technician level within the hotel's audio video department. He also asserts that his suspension and termination from Adam's Mark Hotels were in retaliation for his protected conduct of filing a discrimination case.

To survive a motion for summary judgment on a Title VII claim, a plaintiff must present a *prima facie* case of discrimination or retaliation. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Banks v. East Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003). A *prima facie* case raises an inference of discrimination or retaliation, and the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *See Pratt v. City of*

*Houston*, 247 F.3d 601, 606 (5th Cir. 2001).  If the defendant presents such a reason, the plaintiff must offer evidence that the proffered reason is a pretext for discrimination or retaliation.  *See id.*

In making both his discrimination and retaliation claims, Igbokwe fails to establish a *prima facie* case or present sufficient evidence that the reasons given by Adam's Mark Hotel for its actions were pretextual.  We have carefully reviewed the briefs, the record excerpts, and relevant portions of the record itself.  For essentially the reasons stated by the district court in its memorandum opinion and order dated December 17, 2003, we affirm the final judgment in favor of the Defendant.  AFFIRMED.